IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10224
Conference Calendar

_____

HERBERT HERMAN FEIST,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division;
DARWIN SANDERS, Senior Warden of
Clements Unit,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:97-CV-376
- - - - - - - - - -
August 19, 1998

Before KING, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

Herbert Herman Feist, Texas state prisoner # 318012, appeals the district court's dismissal of his action based on the conclusion that he had alleged no personal injury and therefore had no standing to sue. Three requisites for constitutional standing are (1) personal injury (2) with a nexus to the defendant's allegedly unlawful conduct (3) which is likely to be

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

redressed by the requested relief.  <u>Allandale Neighborhood Ass'n v. Austin Transp. Study Policy Advisory Committee</u>, 840 F.2d 258, 261-62 (5th Cir. 1988).  Feist has not specifically alleged a personal injury on appeal.  Feist flatly admits that he intended for this lawsuit to be a class action, because "individually it would do him no good."  There can be no better proof than his own admission that this suit will not and cannot redress any personal injury to Feist.

We will not overturn a decision to deny class certification unless the district court has abused its wide discretion.  <u>See</u> <u>McGrew v. Texas Bd. of Pardons & Paroles</u>, 47 F.3d 158, 162 (5th Cir. 1995).  As the district court reasoned, Feist's lack of standing precludes him from representing the class.  The district court did not abuse its discretion in denying the request for class certification.  The judgment of the district court is AFFIRMED.  As Feist's assertions on appeal have no merit, his motion for appointment of counsel is DENIED.

AFFIRMED; MOTION DENIED.